IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MCNEAL, and CAMERON BELK, SR., | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 3:21-CV-00142-DWD |
| vs. | ) ) |
| RICHARD WATSON, ST. CLAIR COUNTY JAIL, TAMMI GRIME, KEEFE GROUP, SHAN COLLINS, WEXFORD HEALTH SOURCES, INC., DAVID MARCOWITZ, LT STRUBERG, SECURUS TECHNOLOGIES, SGT. NICHOLS, MARCIE WARNER, RODNEY WILSON, C/O SIMMS, ARAMARK CORRECTIONAL SEV, EDWIN R. BOWEN, JAIL MAINTENANCE FORMAN, MARY ROBINSON-DAVIS, C/O HUMPHRIES, ST. CLAIR CO. HEALTH INSPECTOR, ST. CLAIR CO. HEALTH DEPT., and TRINITY COMMISSARY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This case was initiated by Plaintiffs Christopher McNeal and Cameron Belk, who are detainees at St. Clair County Jail ("Jail"). They brought this suit pursuant to 42 U.S.C. § 1983, alleging a wide range of statutory, administrative, and constitutional violations

1

associated with their detention at the St. Clair County Jail on behalf of themselves and 22 other Jail detainees. (Doc. 1). As Belk and McNeal were the only Plaintiffs to sign the Complaint, the Court entered an Order directing the other Plaintiffs to advise the Court whether they wished to continue as Plaintiffs in this group action and, if so, submit a signed Complaint by March 16, 2021. (Doc. 5). After the deadline had passed, the Court dismissed the other 22 Plaintiffs from the case. Some Plaintiffs failed to notify the Court their intention to proceed and others failed to file a signed complaint. (Doc. 133). This left Belk and McNeal as the only remaining Plaintiffs.

The Court then conducted a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A and dismissed the Complaint for failing to meet the standards of Federal Rule of Civil Procedure 8. (Doc. 134). Plaintiffs Belk and McNeal were granted leave to file an amended complaint.

The Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## PRELIMINARY DISMISSALS

Belk and McNeal were directed to file an amended complaint by August 9, 2021. They were warned that failure to do so would result in dismissal and the assessment of a "strike" within the meaning of 28 U.S.C. § 1915(g). (Doc. 134, p. 7; Doc. 161). They have also been advised on more than one occasion that every pleading must be signed by each party personally and that a non-attorney cannot file papers for another litigant. (Doc. 5, p. 4; Doc. 26; Doc. 133, p. 4). The Amended Complaint, however, was signed only by Belk. He lists himself, McNeal, and 26 other individuals as plaintiffs, 20 of which the Court has already dismissed from this case.

As McNeal has failed to comply with the Court's Order to file an amended complaint on or before July 9, 2021, he and his claims are **DISMISSED with prejudice,** and he is assessed a "strike." 28 U.S.C. 1915(g). Additionally, the other individuals who are listed as plaintiff but have not signed the amended complaint or indicated to the Court in any way that they wish to proceed in this action are **DISMISSED without prejudice** as parties to this case.

## DISCUSSION

The Amended Complaint is a laundry list of generalized grievances regarding various aspects of confinement and treatment at St. Clair County Jail. (Doc. 172). Belk includes allegations regarding the lack of medical treatment, the denial of physical and occupational therapy, COVID-19 safety protocols, altered medical records, tampering with legal files and mail, retaliation against detainees by staff, an inadequate grievance process, denial of access to the courts, denial of access to outdoor recreation,

3

overcrowding, unsanitary living conditions, the use of excessive force, unlawful searches, allowing smoking of e-cigarettes indoors, limited phone access, infestation of black mold, the provision of food that is uncooked and does not meet nutritional guidelines, exposure to extreme temperatures in the cells, and high prices in the commissary.

As pled, these allegations are not sufficient to state a claim, and the Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A. *See* FED. R. CIV. P. 8. As in the original Complaint, Belk does not identify which deprivations he personally experienced. The Amended Complaint lists 27 Plaintiffs, and a majority of the allegations address conduct on the part of Defendants that affected "detainees" as a group. Thus, it is not clear which claims apply to Belk. As one example, he states that Defendant Dr. Marcowitz "refused to address detainee medical concerns, Refused to provide medical are, timely medical care, timely medical referrals, rehabilitation." (Doc. 172, p. 10). Marcowitz also denied "medical treatment to detainees after they became infected with COVID-19." (*Id.*). It is not clear what medical condition Belk suffers from that required medical attention or if he contracted COVID-19. As another example, Belk states that Defendant Wilson tampered with mail without a valid search warrant and retaliated against detainees who complained about him. (*Id.* at p. 11). Belk does not state that his mail was opened by Wilson, he filed a complaint about Wilson's conduct, or explain how Wilson retaliated against him.

With the exception of claims asserted against Defendant Correctional Officer Humphries, the allegations put forth against each Defendant pertain to actions conducted against all detainees between 2019 and the present at St. Clair County Jail. Given the two

4

year time period and the lack of detail, the Amended Complaint does not give Defendants fair notice of the claims against them as they pertain to constitutional violations against Belk.

The only time Belk discusses conduct that affected him personally, and not detainees generally, is in describing his claims against Humphries. Belk states that between 2019 and the present, Humphries violated his constitutional rights when he overheard Humphries and Defendant Sergeant Nichols talking about destroying his legal files. (*Id.* at p. 14). He claims Nichols "tampered with detainee legal files, removed files, harassed detainees when they filed valid law suits… I overhead conversation as I walked up on him." (*Id.* at p. 10). Even putting the factual allegations against these two Defendants together, Belk has not stated a First Amendment claim for denial of access to the courts. Belk does not actually allege that Humphries destroyed his legal documents, only that he heard Humphries discussing the destruction of his legal documents with Nichols. To the extent he is claiming Nichols destroyed his legal documents, Belk has not provided any factual allegations regarding his legal claims or actions and how Nichols's conduct hindered him from pursuing a meritorious claim in court. *See Marshal v. Knight,* 445 F. 3d 965, 968 (7th Cir. 2006); *Jenkins v. Lane,* 977 F. 2d 266, 268 (7th Cir. 1992). Thus, at this point, a First Amendment claim against Humphries and Nichols is dismissed without prejudice.

Finally, the Amended Complaint also violates the rules of joinder under Federal Rule of Civil Procedure 18 through 20. While all of the claims against Defendants take place during Belk's time at St. Clair County Jail, they do not all arise from the same

transactions or occurrences and share no common questions of fact. The claims cannot proceed together in one lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

Accordingly, the Amended Complaint is dismissed without prejudice. Belk will be given one last opportunity to file an amended complaint, if he wishes to pursue any of his claims in this action. Belk is reminded that when filing an amended complaint, he must focus on related claims against a single group of defendants. Belk should also keep in mind that a successful complaint will usually describe the "who, what, why, where, and how" that form the basis of the claim against each Defendant. He should also refrain from asserting generalized claims on behalf of other detainees. Belk may not bring claims against Defendants who may have harmed other individuals but did not harm him.

## MOTION FOR STATUS

In light of this Order, the motion for status is denied as moot. (Doc. 178).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 172) is **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted. Plaintiff Belk is **GRANTED** leave to file a "Second Amended Complaint" on or before **January 27, 2022.** Should Belk fail to file a Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to

prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Belk use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 21-cv-00994-DWD). To enable Belk to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading. Belk must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A and to severance of improperly joined claims into new suits under Federal Rule of Civil Procedure 21.

Belk is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Belk is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Motion for Status (Doc. 178) filed by Belk is **DENIED as moot**.

Plaintiff McNeal and his claims are **DISMISSED with prejudice** for failure to comply with an order of the Court and file a signed amended complaint. He is assessed a "strike" in accordance with 28 U.S.C. § 1915(g). The other individuals listed as plaintiffs by Belk are **DISMISSED without prejudice** as parties to this case.

**IT IS SO ORDERED.**

**DATED: January 3, 2022**

**David W. Dugan**
**United States District Judge**