IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAMERON BELK, SR.,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| vs. ) | Case No. 21-cv-142-DWD |
| ) | |
| **DR. MARCOWITZ,** )<br>**DR. SHAH,** )<br>**RODNEY WILSON,** )<br>) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court to address Claim 5 against Defendant Rodney Wilson (Doc. 207), and to address Plaintiff's Motion for Leave to File his Fourth Amended Complaint (Doc. 224). The Defendants oppose the Fourth Amended Complaint. (Doc. 227). The Defendants have also moved to withdraw the affirmative defense of failure to exhaust administrative remedies (Doc. 228), which means the case will advance to merits discovery.

### Claim 5 – Defendant Wilson

On May 22, 2023, the Court reviewed Plaintiff's third amended complaint (Doc. 203) and directed service of process on Defendants Dr. David Marcowitz and Dr. Vipin Shah for Claims 1 and 2 of this lawsuit. (Doc. 206). In the Order for Service of Process (Doc. 207), the Court also deemed other claims against Marcowitz and Shah insufficient, it dismissed claims as insufficient against Wexford Health Sources, Inc., and it gave

Plaintiff an option to sever what was deemed Claim 5 against Defendant Rodney Wilson into a separate lawsuit. (Doc. 207). Plaintiff was given 21 days to inform the Court if he wished to pursue the claim against Wilson in a separate case.

Plaintiff filed a timely response on the issue of Defendant Wilson, however, rather than provide a straightforward answer, Plaintiff disputed the findings of the Court's order of initial review. (Doc. 211). Specifically, Plaintiff argued that he should have been appointed counsel in this matter, his amended complaint was unfairly truncated by the Court's insistence that he comply with Rule 8 of the Federal Rules of Civil Procedure, and Claim 5 against Wilson is related to the other claims in this lawsuit. Plaintiff's arguments are misplaced because he filed them in a "response" rather than a formal motion to reconsider, and even if he had filed a motion to reconsider to present the same contentions he presents, the Court would not grant any relief on these grounds. The narrowing of Plaintiff's complaint in this case from hundreds of pages, to what he eventually filed as the Third Amended Complaint (Doc. 203) was appropriate both from a practical standpoint and pursuant to the Federal Rules of Civil Procedure. Plaintiff has not identified any mistakes of law or fact in the Court's order of initial review, so no alteration of that Order (Doc. 207) is warranted.

Plaintiff insists that he believes Claim 5 against Defendant Wilson should be allowed to proceed in this single lawsuit, but he has not provided a compelling justification for his position. His response (Doc. 211) to the Court's earlier order is not the appropriate procedural vehicle to raise this issue. However, Plaintiff has also re-

presented his claim against Wilson in his Fourth Amended Complaint, so it will be discussed further below.

## Plaintiff's Fourth Amended Complaint

On October 13, 2023, Plaintiff moved for leave to file a Fourth Amended Complaint. (Doc. 224). In support of his request, he indicated that he "made changes to cure defects and removed some Defendants[.]" (Doc. 224 at 1). In the Fourth Amended Complaint, Plaintiff names as Defendants: Drs. Marcowitz and Shah, Wexford Health Sources, Inc., and Rodney Wilson. As the Defendants note in the response to the Fourth Amended Complaint, Plaintiff did not comply with the Local Rules, which require any new material in an amended pleading to be underlined. Despite this defect, the Court closely compared the Operative Complaint (Doc. 203) with the Proposed Fourth Amended Complaint (Doc. 224-1).

The two pleadings are almost entirely identical word-for-word, save for a few exceptions that will be highlighted here. In the allegations against Wexford, Plaintiff added three sentences:

> Wexford has an express policy of denying or delaying medical care which caused Plaintiff to suffer from numerous aforementioned side effects of 4 TIA strokes. The practice of denying or delaying healthcare was widespread and permanent that it constituted a custom and practice or policy. This policy to deny or delay medical care was managed by "Wexford's Collegial Review," but final decisions and policymaking authority was/is Dr. Fischer.

(Doc. 224-1 at 3).

As to Dr. Marcowitz, Plaintiff added a few sentences that do not expand or change the previously designated claims in this case. The same goes for Dr. Shah. Plaintiff added

specific details about therapy sessions that he alleges Dr. Shah impeded, but these details do not change the claim previously designated.

Finally, as to Rodney Wilson, Plaintiff repeats the allegations from the operative complaint verbatim, and he now adds that Wilson's conduct of interfering with his mail is directly connected to this lawsuit because it prevented him from communicating with attorneys about his desire to file lawsuits about his medical care. (Doc. 224-1 at 6).

The Court reviewed the above-identified amendments in Plaintiff's Fourth Amended Complaint under the standards of 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court also considered the proposed amendments against the backdrop of this litigation, and in light of the earlier orders of initial review. (Docs. 134, 182, 202, 207).

Against this backdrop, the Court finds that Plaintiff has still failed to state a sufficient claim against Wexford Health Sources, Inc.. The Court previously explained that Plaintiff's allegations against Wexford were not sufficient because they were vague and did not give much information about how any alleged policy or practice directly impacted the care that he received. (Doc. 207). The Court provided a lengthy analysis, that discussed Plaintiff's allegations about collegial review. Plaintiff's additional allegations quoted above do not change this assessment.

As for Defendant Rodney Wilson, the Court previously gave Plaintiff an opportunity to sever this claim into separate proceedings. This was an exercise of the Court's discretion to manage this litigation, and it was premised on the Court's assessment that any claim against Wilson could be resolved on facts almost entirely independent of those required to resolve the disputes in this case. In the Fourth Amended Complaint, Plaintiff again tries to reiterate that he believes this claim should be allowed to proceed in the present suit, because allegations of Wilson's mail interference impacted his ability to correspond with attorneys about potential legal claims or actions related to his medical needs. (Doc. 224-1 at 6). Whatever merit this assertion may have, the Court does not find that this additional allegation justifies the inclusion of this claim in this lawsuit. Accordingly, the Court finds that the proposed Fourth Amended Complaint does not add any new viable allegations against any defendants, so the Motion for Leave to Amend will be denied.

However, Plaintiff will be given a final opportunity to sever Defendant Rodney Wilson into a separate lawsuit for the conduct identified in association with Claim 5 (Docs. 203, 207). Plaintiff does not have the option to maintain this claim in this case, because, the Court has already indicated that it finds it appropriate to sever this claim. (Doc. 207 at 17-21). Plaintiff shall have 21 days to inform the Court if he would like to proceed in a separate action against Defendant Rodney Wilson. The only options are yes, or no. If Plaintiff does not notify the Court of his intentions, or if he again attempts to attack the decision to sever this claim, then any claim against Wilson will be dismissed from this case.

## Merits Discovery

Per the Court's scheduling order (Doc. 223), Defendants Dr. Marcowitz and Dr. Shah had until December 7, 2023, to file a motion for summary judgment on the exhaustion of administrative remedies. Defendants have now moved to withdraw this affirmative defense (Doc. 228), and their motion will be granted. The previously imposed stay on merits summary judgment will be lifted, and this case will proceed to merits discovery only as it pertains to Defendants Marcowitz and Shah.

### DISPOSITION

Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. 224) is **DENIED**, because the Court finds that he has failed to state any additional viable claims under the standards of 28 U.S.C. § 1915A.

Plaintiff shall have **21 days** to notify the Court if he would like to proceed in a separate action against Defendant Rodney Wilson, on Claim 5 as defined in Document 207. Failure to notify the Court in the affirmative or negative will result in the dismissal of Wilson without prejudice.

Defendants' Motion to Withdraw the Affirmative Defense on Exhaustion (Doc. 228) is **GRANTED**. A merits discovery schedule will follow.

**IT IS SO ORDERED.**

Dated: December 12, 2023

*/s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge