## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CAMERON BELK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-142-DWD |
| | ) | |
| DR. DAVID MARCOWITZ and DR. VIPIN SHAH, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's motions to alter or amend judgment or for relief from judgment, filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6). (Docs. 262 and 266). Also pending is Plaintiff's Motion for Leave to Appeal *in forma pauperis*. (Doc. 269). For the reasons that follow, the motions are **DENIED**.

### I.    BACKGROUND

On May 9, 2025, following the Court's grant of Defendants' Motion for Extension of Time (Docs. 246, 247), Defendants filed their Motion for Summary Judgment, Memorandum in Support, and Rule 56 Notice. (Docs. 248, 249, 251). Plaintiff filed a timely response on June 12, 2025, together with exhibits. (Doc. 253). Defendants filed a reply on June 26, 2025. (Doc. 254), and on July 10, 2025, Plaintiff filed a surreply, expressly addressing arguments raised in Defendants' reply (Doc. 255).

On February 2, 2026, Plaintiff filed a Motion for Status inquiring about the posture of the case after the extension of time for dispositive motions. (Doc. 256). The Court

granted the motion the next day, expressly advising Plaintiff that it had received Defendants' summary-judgment and related briefing (Docs. 249, 250, 253, 254 & 255), had taken the motion under advisement, and that an order on the motion would follow. (Doc. 257). All referenced orders were mailed to Plaintiff at his last known address; none were returned as undeliverable.

On February 27, 2026, the Court granted summary judgment for Defendants and entered judgment. (Docs. 258, 259). In its Memorandum and Order, the Court explained that Plaintiff's response, statement of additional material facts, and affidavit failed to create any genuine issue of material fact under Rule 56 because they consisted of conclusory assertions unsupported by admissible record evidence and because Plaintiff's personal log (first produced with his summary-judgment response) had been withheld during discovery in violation of Rule 26 and was therefore stricken under Rule 37(c)(1).

On March 2, 2026, Plaintiff filed a Notice Regarding Failure of Service asserting that he had never received Defendants' summary-judgment motion or related briefing. (Doc. 260). Defendants responded with documentary evidence of service by mail and email. (Doc. 261). The Court denied any relief, finding that the record conclusively demonstrated proper service and actual notice. (Doc. 265).

Plaintiff also filed the present post-judgment motions. (Docs. 262, 266). In the motions, Plaintiff renews his claim that he never received the summary-judgment motion or Defendants' Statement of Undisputed Material Facts, asserts that the Court "ignored" his Motion for Status, and contends that summary judgment was erroneously granted because genuine disputes of material fact exist and the Court improperly credited

2

Defendants' version of the record. He maintains he could not properly refute Defendants' facts because he never received the motion, and he argues that email service was improper because he is a *pro se* litigant who does not electronically file.

Plaintiff also filed a Notice of Appeal (Doc. 267) and a Motion for Leave to Appeal *in Forma Pauperis* (Doc. 269). Plaintiff indicates that his issues on appeal include: "(1) Whether summary judgment was improperly granted despite genuine disputes of material fact; (2) Whether Defendants were deliberately indifferent to serious medical needs; and (3) Whether Plaintiff was subjected to retaliation." (Docs. 267 and 269).

## II.    APPLICABLE LAW

### A. Rule 59(e)

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). " '[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

### B. *Rule 60(b)*

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

### III.   DISCUSSION

### A. *Jurisdiction*

As a preliminary matter, the Court must address its jurisdiction to decide the Motion to Reconsider, given the fact that Plaintiff has also filed a Notice of Appeal. Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). Where a party files a timely notice of appeal and a timely Rule 59(e) motion or a Rule 60(b) motion filed no later than twenty-eight days after the judgment is entered, however, the notice becomes effective only after the order disposing of the Rule 59(e) or Rule 60(b) motion. Fed. R. App. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th

4

Cir. 2004). Consequently, the Court finds that it has jurisdiction to decide the Plaintiff's motions to alter or amend judgment or for relief from judgment.

### B. *Motions for Relief From Judgment*

Under Rule 59(e), relief is available only where the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that could not reasonably have been discovered earlier. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff has shown neither.

Plaintiff's primary contention, that he never received Defendants' Motion for Summary Judgment or Statement of Undisputed Material Facts, is directly contradicted by the record. Plaintiff filed a timely response to the motion (Doc. 253), complete with exhibits and his own statement of additional material facts, as well as a surreply (Doc. 255) that addressed arguments Defendants raised in their reply (Doc. 254). Defendants submitted proof of proper service by first-class mail to Plaintiff's address of record (satisfying Fed. R. Civ. P. 5(b)(2)(C)) and by email. Plaintiff responded to the email transmitting Defendants' reply and furnished Defendants with a copy of his sur-reply. This evidence, which the Court previously considered when denying relief on Plaintiff's Notice Regarding Failure of Service (Doc. 265), refutes any claim of lack of service. Any objection to email service is immaterial, as mail service was independently sufficient.

Plaintiff's assertion that the Court "ignored" his Motion for Status (Doc. 256) is likewise without merit. The Court granted the motion the following day (Doc. 257) and expressly advised Plaintiff that it had received the summary-judgment briefing (Docs.

249, 250, 253, 254 & 255), taken it under advisement, and that a ruling would issue. All orders were mailed to Plaintiff's last known address and not returned as undeliverable.

Plaintiff's remaining arguments merely rehash the merits of the summary judgment ruling, express disagreement with the Court's evaluation of the evidence under Rule 56, and contend that genuine issues of material fact exist. These contentions do not identify any manifest error. Rather, they attempt to relitigate issues the Court already decided after full briefing. A Rule 59(e) motion may not be used to reargue previously rejected positions or to present arguments that could have been raised prior to judgment. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The Memorandum and Order correctly applied the standards governing conclusory assertions, unqualified opinions, and the exclusion of the late-produced personal log under Rule 37(c)(1).

Rule 60(b) provides an extraordinary remedy reserved for exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Plaintiff has identified none. He has not demonstrated any fraud, misrepresentation, or misconduct by the opposing party that would support relief under Rule 60(b)(3). Nor has he identified any other extraordinary circumstances that would justify relief under the catch-all provision of Rule 60(b)(6). Further, for the reasons detailed above, there was no "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). Plaintiff received proper service, actual notice, and a full and fair opportunity to respond to the motion for summary judgment. His current filings simply reiterate arguments the Court has already considered and rejected. Rule 60(b) is not a vehicle for relitigating the merits

6

or advancing arguments that should have been made before judgment. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Accordingly, both post-judgment motions are denied.

### C. *Motion for Leave to Appeal in forma pauperis*

Plaintiff was granted leave to proceed *in forma pauperis* in this Court (Doc. 6). Accordingly, he may proceed IFP on appeal without further authorization if his financial status has not changed and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1),(3); FED. R. APP. P. 24(a)(3). Plaintiff has not provided any updated financial information, so the Court cannot determine whether his circumstances have changed since the original IFP determination.

Additionally, the Court cannot certify that the appeal is taken in good faith. An appeal is in good faith only if it presents at least an arguable basis in law or fact such that a reasonable person could suppose it has merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Plaintiff's Notice of Appeal raises three issues: (1) whether summary judgment was improperly granted despite the existence of genuine disputes of material fact; (2) whether Defendants were deliberately indifferent to Plaintiff's serious medical needs; and (3) whether Plaintiff was subjected to retaliation. (Doc. 267). These issues were fully litigated and resolved against Plaintiff in the Court's Memorandum and Order granting summary judgment (Doc. 258). As explained therein, Plaintiff's response, statement of additional facts, and affidavit consisted of conclusory assertions unsupported by admissible evidence, and the personal log he produced for the first time in his response was properly stricken under Rule 37(c)(1) for violation of Rule

26. For the reasons set forth above, Plaintiff's post-judgment motions identify no arguable error in the Court's rulings regarding service of the summary-judgment papers or the merits analysis. The Court does not see an arguable good faith basis for appeal. Accordingly, the Court **CERTIFIES** that the appeal is not taken in good faith.

Plaintiff is informed that in light of this finding, he must either pay the appellate filing fee or file a motion to proceed IFP with the court of appeals.

## IV.   CONCLUSION

For the reasons set forth herein, the Motion to Alter Judgment (Doc. 262) and the Motion to Alter or Amend Judgment (Doc. 266) are **DENIED**. Further, Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 269) is **DENIED**.

**SO ORDERED.**

Dated: April 10, 2026                    /s/ *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge